J-S57011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS JOHNSON | : | |
| | : | |
| Appellant | : | No. 3285 EDA 2017 |

Appeal from the Order September 28, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0000576-1999,
CP-23-CR-0006098-1998,
CP-23-CR-0007000-1998,
CP-23-CR-0007001-1998

BEFORE:   PANELLA, J., PLATT, J.*, and STRASSBURGER, J.*

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 14, 2018**

Marcus Johnson appeals, *pro se*, from the order denying his petition pursuant to the Post Conviction Relief Act ("PCRA"). In his petition, Johnson sought the production of several items he believed the Commonwealth never disclosed to him, as well as forensic testing of an orange juice bottle. He contended the evidence he sought could prove his innocence in the four separate convenience store robberies for which he is currently serving 30 to 70 years in prison. On appeal, he only challenges the court's refusal to order DNA testing. We conclude the PCRA court properly found Johnson was not entitled to any relief. Thus, we affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

On July 26, 2017, Johnson filed a *pro se* document entitled "Motion Pursuant to 42 Pa.C.S. §9543.1/Disclosure of Exculpatory Evidence." In this motion, Johnson claimed that he "discovered on September 19, 2013, that the Commonwealth's only witness [to one of the robberies] never identified him and that she … provided the police with a statement the night of the crime that resembled someone other than" Johnson. Petition, 7/26/17, at ¶ 2. That witness also testified that the robber "placed an orange juice bottle on the counter prior to the robbery." *Id*., at ¶ 13.

Based upon these allegations, Johnson requested the Commonwealth disclose the incident reports from one of his robberies. According to Johnson, the Commonwealth's failure to disclose these reports previously constituted a **Brady** violation. Johnson also requested the right to conduct a DNA test on the orange juice bottle.

In his *pro se* "Supplemental Motion Pursuant to 42 Pa.C.S. § 9543.1," Johnson asserted that the FBI, in 2011, developed new technology for testing for fingerprint evidence. He argues the orange juice bottle should be tested with this new technology. He also renewed his argument that the Commonwealth had never disclosed exculpatory police reports from eyewitnesses.

The court determined Johnson's motions constituted petitions pursuant to the PCRA. And it dismissed the petitions as untimely. On appeal, Johnson

argues the PCRA court erred when it refused to order DNA testing of the orange juice bottle.

"Post-conviction DNA testing falls under the aegis of the PCRA[.]" **Commonwealth v. Conway**, 14 A.3d 101, 108 (Pa. Super. 2011) (citation and parentheses omitted). However, the one-year jurisdictional time bar that exists under the PCRA does not apply to motions for the performance of DNA testing under 42 Pa.C.S.A. § 9543.1. **See id**., at 108 n.2. "Rather, after DNA testing has been completed, the applicant may, within 60 days of receiving the test results, petition to the court for post-conviction relief on the basis of after-discovered evidence, an exception to the one-year statute of limitations." **Id**. (citation omitted). We therefore turn to application of § 9543.1 to this appeal.

"[O]ur standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error." **Id**., at 108 (citation, internal quotations, and footnote omitted). In reviewing an order denying a motion for post-conviction DNA testing, this Court must determine whether the movant satisfied the statutory requirements listed in § 9543.1. **See id**. Since the resolution of this appeal involves statutory construction, which involves a pure question of law, we apply a *de novo* standard and a plenary scope of review. **See id**.

> An individual seeking relief under § 9543.1 must
>
> present a *prima facie* case demonstrating that the:

(i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in applicant's conviction and sentencing; and

(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

(A) the applicant's actual innocence of the offense for which the applicant was convicted[.]

42 Pa.C.S.A. § 9543.1(c)(3)(i)-(ii)(A).[1] Here, it is undisputed that Johnson's defense at trial was a mistaken identity defense. **See** N.T., Jury Trial, 3/14/2000, at 98. Thus, the PCRA court's decision hinged on the ability of the DNA testing to establish Johnson's actual innocence.

In addressing this issue, the court was required to determine whether there is a "reasonable possibility that the testing would produce exculpatory evidence that … would establish" Johnson's actual innocence of the four robberies. **See** 42 Pa.C.S.A. § 9543.1(d)(2)(i). Obviously, the predicate upon which this determination rests is that the evidence Johnson wishes to be tested still exists. **See Commonwealth v. Williams**, 35 A.3d 44, 49 (Pa. Super. 2011) (observing "the evidence specified must be available for testing on the date of the motion").

Here, the Commonwealth asserts the orange juice bottle at issue is no longer in its possession. **See** Commonwealth's Answer, filed 9/26/17, at ¶ 23. This is not surprising, as the Commonwealth acknowledged it was unable to

---

[1] Section 9543.1 was amended on October 24, 2018, effective December 23, 2018. As the amendment was not effective at the time of the PCRA court's ruling, we will proceed to analyze this appeal pursuant to the prior version of the statute.

find any detectable fingerprints on the bottle. ***See*** N.T., Jury Trial, 3/15/00, at 109. Thus, there was no reason for the Commonwealth to preserve this evidence in the approximately 17 years between the trial and Johnson's request for testing.

Even if we were to conclude the bottle existed, Johnson's claim would fail for another fundamental reason. Johnson is not requesting DNA testing. Rather, he is requesting fingerprint testing using new technology allegedly developed by the FBI. By the explicit language of the statute, fingerprint testing does not fall under the purview of § 9543.1.

Furthermore, Johnson has been aware of the orange juice bottle since before his trial. By his own assertion, the method of testing he is requesting was allegedly developed by the FBI in 2011. Johnson did not request DNA testing of the bottle in his third PCRA petition, which he filed in 2013. The six years between development and the current petition certainly cannot establish the timeliness of Johnson's request. ***See***, ***e.g.***, ***Commonwealth v. Edmiston***, 65 A.3d 339, 358-359 (Pa. 2013) (finding appellant's failure to request DNA testing at trial or during lengthy PCRA proceedings rendered his subsequent request untimely).

Finally, as the PCRA court notes, and as another panel of this Court has observed, the evidence of Johnson's guilt is overwhelming. ***See***, ***e.g.***, ***Commonwealth v. Johnson***, No. 1891 EDA 2000, at *4 (Pa. Super. filed August 29, 2001) (unpublished memorandum) (finding that "evidence of appellant's guilt in this case is … overwhelming"). Even if he were to obtain

DNA or fingerprint testing of the orange juice bottle, and the testing did not inculpate him, it would not be enough to establish his innocence. The orange juice bottle was likely handled by a multitude of people during the process from bottling, to shipping, to stocking the convenience store. The presence of another person's DNA or fingerprints would not be so indicative of Johnson's innocence so as to overcome the multiple eyewitnesses who positively identified him at trial.

For all these reasons, we can find no error in the PCRA court's order denying Johnson's request for testing. We thus affirm.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/18